HAMILTON, Senior Circuit Judge:
Gerome Gordon pled guilty to one count of conspiracy to distribute and to possess with intent to distribute 1000 or more kilograms of marijuana, 21 U.S.C. §§ 841(b)(1)(a)(vii) and 846, sind was sentenced to 188 months’ imprisonment. For the reasons stated below, we affirm Gordon’s conviction but vacate his sentence and remand the ease for resentencing.
I
On March 11, 2002, a federal grand jury returned a second superseding indictment charging Gordon and four others with conspiracy to distribute and to possess with intent to distribute 1000 or more kilograms of marijuana in “the District of Maryland, the Southern District of California, the Central District of California, ... and elsewhere,” (J.A. 18), in violation of 21 U.S.C. §§ 841(b)(l)(a)(vii) and 846. On July 31, 2002, approximately two weeks before his trial was scheduled to begin, Gordon, without a plea agreement with the government, pled guilty to the one-count second superseding indictment.
At the plea hearing, the district court asked various questions of Gordon to ensure that he understood what was happening, was not under the influence of alcohol or drugs, and was not under the care of any mental health professional, psychiatrist, or psychologist. The court also asked Gordon whether he understood that the charge to which he was pleading guilty was conspiracy to distribute and to possess with intent to distribute 1000 or more kilograms of marijuana. Gordon acknowledged that he understood the charge and repeatedly stated that he wished to plead guilty to the charge.
During the plea hearing, the government made a factual proffer. Gordon admitted to most of the factual proffer, but denied the existence of certain facts. However, Gordon did admit, among other things, that during the charged conspiracy: (1) he “along with his co-defendants, coordinated the transportation of over a thousand kilograms of marijuana from California to various points along the east coast, including Maryland,” (J.A. 106-07); (2) he gave marijuana to persons who used trucking companies for the transportation of marijuana; (3) he had told a cooperating defendant that he had on several occasions moved marijuana from San Diego to a storage facility in Fontana, California, where the marijuana was loaded into trucks for transportation; (4) he participated directly in the sale and transportation of marijuana; and (5) on numerous times he was captured engaging in recorded conversations during which he spoke about the transportation of marijuana. Following the government’s factual proffer, Gordon stated that his decision to plead guilty was “voluntary,” that nobody had threatened or coerced him to plead guilty, and that he was “pleading guilty because [he was] guilty in this case.” (J.A. 116-17). Thereafter, the district court accepted Gordon’s plea and found him guilty of the charged offense.
Gordon was sentenced on January 3, 2003. During the sentencing hearing, Gordon contended that he was accountable for approximately 315 kilograms of marijuana, which would have placed him at a base offense level of 26 under the United States Sentencing Guidelines.[1] The district court *747 rejected this contention, finding that Gordon was responsible for at least 1000 kilograms of marijuana, which placed Gordon at a base offense level of 32. The court relied on Gordon’s admission at the plea colloquy that he, along with his eodefen-dants, coordinated the transportation of 1000 kilograms of marijuana from California to Maryland. Alternatively, the court concluded that the extensive evidence of marijuana trafficking produced at the sentencing hearing supported the finding, by a preponderance of the evidence, that Gordon was accountable for 1000 kilograms of marijuana for sentencing purposes.
The district court also applied, over Gordon’s objections, a two-level enhancement for possession of a firearm, USSG § 201.1(b)(1), a two-level enhancement for being an organizer, manager, or leader of a criminal activity, USSG § 3Bl.l(c), and a two-level enhancement for obstruction of justice, USSG § 3C1.1. After applying a two-level reduction for acceptance of responsibility, USSG § 3El.l(a), the court set Gordon’s offense level at 36, resulting in a sentencing range of 188 to 235 months’ imprisonment.[2] Gordon was sentenced to 188 months’ imprisonment and, thereafter, noted a timely appeal.
II
Gordon argues that the sentence imposed upon him by the district court violated his Sixth Amendment rights. Because Gordon failed to raise this issue in the district court, we review for plain error. United States v. Harp, 406 F.3d 242, 247 (4th Cir.2005). To establish plain error, Gordon must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); United States v. White, 405 F.3d 208, 215 (4th Cir.2005). If Gordon establishes these requirements, we may exercise our discretion to notice the error “only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings.” United States v. Hughes, 401 F.3d 540, 555 (4th Cir.2005) (citation and internal quotation marks omitted). To establish that a Sixth Amendment error occurred in his sentencing, Gordon must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts that he admitted. United States v. Evans, 416 F.3d 298, 300-01 (4th Cir.2005); see also United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) (Stevens, J., opinion of the Court) (“Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.”).
In this case, Gordon admitted during the plea colloquy that he, along with his codefendants, coordinated the transportation of 1000 or more kilograms of marijuana from California to Maryland. However, at no time during either the plea colloquy or at the sentencing hearing did Gordon admit that he possessed a firearm, was an organizer, manager, or leader of a criminal activity, or that he obstructed justice. Based on Gordon’s admission that he coordinated the transportation of 1000 or more kilograms of marijuana, his maxi *748 mum offense level was 32.[3] Based on an offense level of 32 and a criminal history category of I, Gordon’s sentencing range would have been 121 to 151 months’ imprisonment.[4] Because Gordon’s 188 month sentence exceeds the maximum authorized by the facts he admitted, a Sixth Amendment error occurred. Evans, 416 F.3d at 300-01. Under our decision in Hughes, we must notice this plain error. Hughes, 401 F.3d at 555-56 (concluding error was plain and warranted reversal where district court imposed sentence under mandatory Guidelines based on judicial factfinding, increasing sentencing range beyond that which could have been imposed on the basis of facts found by jury or admitted by defendant).[5]
Ill
Gordon raises several additional arguments that he contends should be resolved in his favor. We have reviewed each of these arguments and find them to be without merit. Accordingly, for the reasons stated herein, we affirm Gordon’s conviction but vacate his sentence and remand the case for resentencing. On remand, the district court need not revisit any issue concerning drug quantity.[6]

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

. Notably, Gordon never moved to withdraw his guilty plea to conspiracy to distribute and to possess with intent to distribute 1000 or *747 more kilograms of marijuana, 21 U.S.C. §§ 841(b)(l)(a)(vii) and 846.

. Gordon's criminal history category was I.

. Gordon argues that his admission that he, along with his codefendants, coordinated the transportation of 1000 or more kilograms of marijuana was only an admission that he and his codefendants transported marijuana, and that at other times his codefendants transported marijuana without his participation, and that in the aggregate the quantity shipped both with and without his participation exceeded 1000 kilograms. We reject this argument for the same reason the district court did. The most natural reading of Gordon’s admission is that Gordon himself, with the assistance of his codefendants, coordinated the transportation of 1000 kilograms or more of marijuana from California to Maryland. Thus, Gordon's admission went well beyond a mere admission that he knowingly and willfully agreed to participate in the charged conspiracy and committed an overt act in furtherance of the conspiracy. Cf. North Carolina v. Alford, 400 U.S. 25, 32, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) ("Ordinarily a judgment of conviction resting on a plea of guilty is justified by the defendant’s admission that he committed the crime charged against him and his consent that judgment be entered without a trial of any kind.”). His admission contained an express statement that during the charged conspiracy he coordinated the transportation of 1000 kilograms or more of marijuana. Unquestionably, Gordon’s factual admission authorized the court to set his base offense level at 32. Evans, 416 F.3d at 300-01 (holding that, if sentence does not exceed maximum authorized by facts admitted by defendant or found beyond a reasonable doubt, there is no Sixth Amendment violation).

. For purposes of determining whether the district court erred, we use Gordon’s sentencing range based on the facts he admitted before adjusting that range for acceptance of responsibility. Evans, 416 F.3d at 300 n. 4. As noted in Evans, acceptance of responsibility "is not a fact that is alleged in an indictment or presented to the jury.” Id. "Neither is it a fact that the defendant can admit. Instead, a district court may grant acceptance of responsibility only after making findings of fact based on several considerations—only one of which is whether the defendant admitted his guilt.” Id. We note that Gordon challenges the district court's decision to deny him an additional one level reduction for acceptance of responsibility pursuant to USSG . § 3El.l(b). We have reviewed this challenge and conclude that the district court correctly found that Gordon did not timely notify the government of his intention to plead guilty.

. As in Hughes, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of [Gordon’s] sentencing.” 401 F.3d at 545 n. 4.

. Gordon has filed three motions to file supplemental briefs and a motion to have the government at its expense produce a portion of a trial transcript from a related case. The court denies these motions.