**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

No. 06-5139

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEROME MAURICE GORDON, a/k/a Richie, a/k/a
Lance Fitzgerald Stewart,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (8:00-
cr-00253-PJM-1)

───────────────

Submitted:  September 7, 2007      Decided:  September 24, 2007

───────────────

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Timothy J. Sullivan, BRENNAN, SULLIVAN & MCKENNA, LLP, Greenbelt,
Maryland, for Appellant.  Steven M. Dunne, Assistant United States
Attorney, Greenbelt, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerome Maurice Gordon appeals the 188-month sentence imposed on remand based on his prior guilty plea to one count of conspiracy to distribute and to possess with intent to distribute 1000 or more kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), 846 (2000). In our earlier decision, we vacated Gordon's sentence and remanded for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). United States v. Gordon, 174 F. App'x 744 (4th Cir. 2006) (No. 03-4083).

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states there are no meritorious issues for appeal, but questions whether the district court erred by failing to impose a variance sentence based on Gordon's post-incarceration vocational training and education. In a pro se supplemental brief, Gordon asserts that the determination of his Guidelines* range violated his constitutional rights, that the district court erred in failing to properly consider and weigh the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007) factors, and that the sentence imposed violates this court's directions on remand and is not reasonable. Gordon does not challenge the accuracy of the district court's factual findings and resultant

---

*U.S. Sentencing Guidelines Manual (USSG) (2002).

Guidelines determinations. The Government declined to file a brief.

At the resentencing hearing, Gordon acknowledged that the Guidelines range was properly calculated. The district court explicitly treated the Guidelines as advisory, and sentenced Gordon after considering the Guidelines range, the § 3553(a) factors, and counsel's arguments. Moreover, the district court thoroughly discussed the § 3553(a) factors. Thus, we conclude that Gordon's sentence, which is within the statutory maximum and the Guidelines range, is reasonable. <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006); <u>see</u> <u>Rita v. United States</u>, ___ U.S. ___, 127 S. Ct. 2456 (2007) (upholding presumption of reasonableness).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We have reviewed the arguments advanced in Gordon's pro se brief and find them to be without merit. We therefore affirm Gordon's sentence. This court requires that counsel inform Gordon, in writing, of the right to petition the Supreme Court of the United States for further review. If Gordon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gordon.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>